My name is Gary Singh. I represent Ms. Medina in this matter. This is a case where we are requesting justice based on the extreme circumstances of this case. This case was before this court and it went to the board three times, Board of I went back and I filed a petition, a motion to reopen before the immigration judge. And on this case, again, just like the previous case, I'm the second counsel. The first counsel did not do things the way he should have done. He did not notify the client about certain issues, the deadlines for appeal was missed, and furthermore did not do adequate research as to whether Ms. Medina's marriage to the U.S. citizen was valid. Based on our review of the record, it appears that when Ms. Medina got married back in 1973, I believe, the first marriage in the Philippines, we take the position that marriage is void because the person who performed the marriage did not have proper license. And she knew that the person who was performing the marriage did not have a license. Furthermore, she had every intention of immigrating to the United States. In the Philippines, they do not have divorces. All they can do is annul a marriage. In this case, she did go back to the Philippine courts and she did get an annulment because the immigration rescinded her green card. She makes entry here as a tourist. She stays here for a while. She gets married to a U.S. citizen. Several years later, they rescind her green card because they claim that she was married. So she goes back to the Philippines, files an annulment, comes back, files a new one, and now we have an approved I-130 by a U.S. citizen, spouse who filed it. And what I'm asking this court to do is to send this case back to the immigration judge and have her reopen it and take evidence on the issue of the I-130 and adjust her status. I've got two questions for you, for openers. Number one, at the time she makes the statement to the United States immigration authorities that she is not married, she has at that point not yet received the annulment. Is that correct? That is correct. So the only way she can say that that's not an untruthful statement is to rely on the fact that she sees it or she now contends that the person performing the marriage was not properly licensed to do so. Correct. Yet she had lived in the Philippines with this person, ostensibly her husband, and had had three children with that ostensible husband, and was still, I'll say, quote, married, to indicate uncertainty about the status, to that person at the time she makes the statement. That is correct, Your Honor. The second question is, what's in front of us? I think what's in front of us is an appeal from the IJ's decision that she said, you know, I don't have any jurisdiction. Is that the only question in front of us? That is correct, Your Honor. Yes. We filed, we go before the Board of Immigration Appeal the first time. Now, please keep in mind that I'm the second counsel on this, and I'm trying to cure the defects in this case to see what I can do to correct and get this person in status again. We go before the board. The board denies our motion to reopen. In the meantime, the I-130 is pending. So we get the I-130 approved. We go back before the board, and they deny it by saying you only can file one motion to reopen. So you went to the IJ. Well, when I went to the board, my petition before the 9th Circuit was pending. So I waited for the outcome of that. That was denied, and my final solution was going back to the IJ. And the problem with that is once a decision has been made by the board, the IJ does not have jurisdiction to reopen. That has to be handled by a motion to the board. So the IJ was correct when the IJ said, I don't have any jurisdiction to do what you're asking me to do. Well, when we went to the board, the board indicated that they cannot accept any more motions because under the regs, they only can take one. And since the IJ did not have this new I-130 before, and we have an approved I-130, she was our last solution on this case. I don't understand how the government's denying you relief on the one hand, but giving you an approved I-130 on the other. Your Honor, the I-130 basically is the bona fide relationship between a U.S. citizen's spouse and an alien. That's what it means. Which makes you eligible for adjustment of status. That's correct. And I'm trying to find a way to get back before the immigration judge. She has jurisdiction because my client is in proceedings, so she can grant her the adjustment. Well, that was the problem. She doesn't, apparently. Correct. The IA has jurisdiction under their procedural rules. Right. And further, we argue that the government was wrong when they rescinded her status because her first marriage was void. But did you ever get proof of that? Yes, we have that in the records. We have the annulment records from the Philippines. See, the attorney who represented her first did not get the documents authenticated. So when he was before the judge, the judge could not accept them. So when I came on board, I made sure that got all the documents, we got them authenticated, and we filed them with the board. You're like an auto body repairman where they keep bringing you cars that are totaled. Pretty close, your honor. So that's the reason I indicated at the beginning, this case requires justice because I just do not know what else I can do with this poor lady. Well, have you filed the motion to reopen based on Lozada grounds? Do you have that avenue left for you? Well, the board shut me down by saying they will not accept any further motions. Well, but does that preclude you from Lozada? Well, I may, after this, may go back there again, Judge. Yeah, it seems like you have a big Lozada claim. Yes. And as long as you follow the procedures in Lozada and file a complaint.  Authorization, bar, you've done all that. We followed the state of Hawaii and they are waiting for the outcome of the case. Well, so you're spring loaded then to pursue the Lozada issue. That would be my final solution on this. Thank you. Good morning. May it please the court. James Grimes for the Attorney General. Your Honor, I would have to concede that Ms. Medina has a number of equities in this case and she wasn't well served by her first counsel. But as Judge Fletcher asked, the question before the court is whether or not the immigration judge had jurisdiction to adjudicate the motion to reopen. And the immigration judge didn't. That's what the board's regulations, excuse me, that's what the regulations say. That's what the board's practice is. That's what the board's practice manual says. Is there any opinion on that from the Ninth Circuit? I mean, I'm just wondering how widely known it is that you can get caught in this sort of procedural morass. Well, there are cases that we, not on that specific issue from this court. That's why when I filed that Rule 20HA letter, I talked about what the general practice is with respect to district courts and then cited the board decision that says normally the immigration judge wouldn't have jurisdiction in that sort of situation. And it is what the board's practice manual says. So she, and we, Mr. Singh and I spoke this morning about what our options would be, whether there could be a possibility of mediation. He's indicated that the service was not amenable to joining in a joint motion to reopen, which is the only exception to the motion to reopen requirement that would apply. And the Citizenship and Immigration Services wouldn't have jurisdiction to adjudicate any sort of adjustment application at this point. She can only adjust in proceedings. And since she can't get back into proceedings unless the service would join in a motion to reopen, I'm not sure what other options she would have. Now, are you not representing the service? Well, I represent the Attorney General, but I... I don't understand that. So couldn't you kind of talk to the service and say, look, if the equity's in this case and... I certainly, I certainly could. And my point is that Mr. Singh actually has already spoken to the service about that and they're not amenable to doing that. Maybe if you spoke to the service about that, given that you're the lawyer and representing... If the court directs me to do that, certainly I could speak to the district council, but I don't know. I mean... Is it because they see this as a fraud case? I don't know, Your Honor. I haven't spoken to them, so I can't say. But at this point, the immigration judge didn't have jurisdiction and... I think on the law that's right. I'm just wondering if given the Lozada aspect of this, if maybe you'd be willing to at least explore the possibility of mediation of this one. I believe... I thought Lozada was what she raised in her first motion to reopen and that was the subject of her first petition for review before this court. The board found that she hadn't shown... Compliance? No prejudice? I think what the board said was, Your Honor, that assuming she had complied with Lozada, she hadn't shown prejudice and this court denied that petition for review. In the motion to reopen, the denial of the motion to reopen, the board had said she is removable as charged. So, she's already raised the Lozada issue. I don't know if she could raise it again. I'm not sure. It seems so odd to me that the government will give her the I-130 and say you're eligible, but then she gets all trapped up in all the procedural stuff because she has this bad lawyer and so now she can't even pursue the eligibility that the government said she had. I can see why Your Honor would say that. The approved visa petition is not a visa. It still has to be adjudicated. I think if you look at the timeline, if you go back to December of 2002 is when she first asked for a stay of removal from the service because of her prior counsel. She was aware that she needed to file the visa petition at that point. She filed her motion to reopen the next month, but she didn't actually file the visa petition until June of 2003. This wasn't her prior counsel at that point. I'm not sure what the delay was. But in any event, she has already raised the ineffective assistance of counsel issue. Whether she can raise that again, I don't know. But at this point, the immigration judge did not have jurisdiction to adjudicate her motion to reopen, and that's the issue before the court. If there are any further questions, I'd be happy to address them. Thank you. Thank you, counsel. Medina v. Gonzalez will be submitted.
judges: Trott, Wardlaw W. Fletcher